IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| DENTON EUGENE LOUDERMILL JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-CV-02109-JWB-ADM |
| ) | |
| TIMOTHY FLOYD BURCHETT, ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Denton Eugene Loudermill, Jr., by his counsel, and for his Complaint against Defendant Timothy Floyd Burchett, states and alleges as follows:

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues raised herein.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby requests that the trial of this cause be held in Kansas City, Kansas.

1. This is a diversity action seeking damages for false light invasion of privacy under Kansas state law.

2. As detailed below, Defendant caused to be published false and defamatory representations of Plaintiff that a reasonable person would find to be highly offensive, derogatory in the extreme, and defamatory. Defendant published that Plaintiff was an "illegal alien" and a "shooter" at an event in Kansas City, Missouri celebrating the Super Bowl victory of the Kansas City Chiefs. This is believed to be the first mass shooting in Kansas City, Missouri. The actual shooters were responsible for the death of a well-known DJ of a local community radio station, and the injuries to more than twenty other persons, about half of whom were children.

1

**PARTIES**

3. Plaintiff Denton Eugene Loudermill, Jr., is a citizen of the State of Kansas and a resident of Olathe, Kansas.  On February 14, 2024, he lived and worked in Olathe, Johnson County, Kansas.  Plaintiff is not and never has been an "illegal alien", having been born and raised in the United States of America.  On February 14, 2024, Plaintiff was not the "shooter" and was not in any way involved in the shooting.  At no time did law enforcement detain, cite, or arrest Plaintiff for any involvement with the shooting at the Super Bowl celebration.  At no time did Plaintiff engage in any gun violence at the Super Bowl celebration.

4. On February 14 and 15, 2024, Defendant Timothy Floyd Burchett was, and is presently, a citizen of the State of Tennessee. Defendant Burchett has both a personal and professional X social media account on X (formerly Twitter). Defendant Burchett is the owner and/or person responsible for his personal account, the address or handle of which was and is @TimBurchett.  Defendant Burchett was acting as a private citizen when accessing and posting on X, as complained of herein.

 

5. Because Plaintiff is a citizen of the State of Kansas and Defendant is a citizen of the State of Tennessee, there is complete diversity as between Plaintiff and Defendant.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States (as pleaded in paragraphs 3-5).

7. The Court has personal jurisdiction over Defendant because the first unlawful acts and conduct of Defendant complained of herein occurred, upon information and belief, in the District of Columbia when Defendant entered a post on X, formerly Twitter, and triggered tens of thousands of acts in Kansas where Defendant's act caused views, engagements, "likes" and re-postings in Kansas that each caused injuries to Plaintiff in Kansas and those injuries to Plaintiff were foreseeable by Defendant to occur in all or most States.

8. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because the acts triggered by Defendant and the injuries those acts inflicted on Plaintiff occurred in and were suffered by Plaintiff in Johnson County, Kansas, which lies within the District of Kansas.

**FACTUAL ALLEGATIONS**

9. On February 14, 2024, the City of Kansas City, Missouri hosted a parade and celebration for the Kansas City Chiefs, an NFL professional football team that had recently won the Super Bowl, the third such win in five seasons. It is estimated that about 500,000 people attended that parade or were present in the area of Union Station for that celebration.

10. Plaintiff was among the many people who attended the parade and celebration. Defendant was not present.

11. The atmosphere at the celebration as observed and participated in by Plaintiff was cheerful and friendly with strangers greeting other strangers, sharing joyful reactions to the

formal staged celebration, and with each other. Strangers also shared with others food, beer, and alcohol. Plaintiff celebrated and joined this massive celebration of the Chiefs' 3rd Super Bowl win.

12. As the formal celebration was ending, an argument took place among several teenagers and young men, none of whom were known to Plaintiff. Plaintiff had never met or in any way interacted with these young men. The argument devolved into guns being fired.

13. When the gunshots rang out, members of the crowd at the event began running away from the direction from which the gunshot sounds seemed to have been coming. While many ran, Plaintiff froze as he tried to comprehend what was happening and what he should do.

14. As Plaintiff, waiting for his ride home, continued to stand in the midst of the chaos, Kansas City, Missouri Police Officers ran to the area and began clearing people from the crime scene.

15. As Plaintiff started moving from the area, the police had started taping it off. As Plaintiff tried to go under the tape to leave the area, Officers stopped him and told him he was moving "too slow."

16. The police officer handcuffed and sat Plaintiff on a curb. As Plaintiff sat on the curb, people began taking pictures of him.

17. Plaintiff was seated on the curb for about ten minutes during which time his photograph was posted and shared on a social media platform.

18. After the brief time Plaintiff spent handcuffed and sitting on the curb, the Police Officers walked him a couple of blocks away from the area, where he was unhandcuffed and told by the Officers that he was free to go. Plaintiff was not charged, nor cited, with any crime or offense.

19. At no time did Plaintiff have any connection to or participation in any shooting.

4

20. On February 15, 2024, upon information and belief, Defendant was located in the District of Columbia, where he published, caused to be published, or permitted to be published on X, formerly Twitter, Image 1 below. By 8:25am on February 18, 2024, said image had been reposted 21.6K times and had 7.2 Million views (Image 2). Later that day, on February 18, 2024, Defendant re-published said image in a new post, but still misidentified Plaintiff as "one of the shooters." (Image 3).



Image 1            Image 2            Image 3

21. Defendant knew or should have known that his inflammatory posts on social media would be seen and read nationwide, including in Kansas where the subject of his post was a resident, especially considering the event was surrounding an NFL team that has "Kansas" in its name., *i.e.*, Kansas City Chief's. Defendant's post was quickly seen by more than one million viewers. Defendant knew his false representation would be received and seen by its subject in the subject's state of residence or Defendant recklessly caused the false representation of Plaintiff to occur in Kansas. Defendant caused the false representation to appear on thousands of cellular phones, computers, and other electronic devices in Kansas where those acts would cause damage to Plaintiff.

5

22.  At no time was Plaintiff an "alien," an "illegal alien," nor a "shooter" and the assertions to the contrary were false and were circulated widely among Defendant's followers. Defendant's false assertions about Plaintiff were reposted and widely circulated to more than one million people around the world who had interactions or engagements with Defendant's false assertions about Plaintiff.

## CAUSE OF ACTION
## FALSE LIGHT INVASION OF PRIVACY

23.  Plaintiff hereby adopts, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24.  Plaintiff had never been an "alien," an "illegal alien," or a "shooter" and Plaintiff was not in any way connected to nor a participant in the gun violence that occurred on February 14, 2024, near Union Station in Kansas City, Missouri.  Therefore, the publication online on the platform X was a false representation of Plaintiff and that tortious act occurred in Kansas and elsewhere.

25.  Plaintiff was not and is not a public figure and at the time of the events referred to in this Complaint he was a quiet person who strived to do well in his employment at a car wash and to be a positive and contributing member of his African-American family, a family with deep and long roots in his Kansas community.

26.  The false identification of Plaintiff as an "illegal alien" and "shooter" has caused Plaintiff in Kansas to receive death threats and to suffer mental distress from having been exposed to public view and more specifically to experience periods of anxiety, agitation, and sleep disruption and such damages are likely to continue into the future.

27.  The widespread publication of the false representation of Plaintiff as an "illegal alien" and "shooter" was and is highly offensive to reasonable persons.

6

28. The publication of the false representation that Plaintiff was an "illegal alien" and a "shooter" was not made in good faith, nor was it made by Defendant with any legitimate interest in making or duty to make such assertions.

29. Labeling Plaintiff as an "illegal alien" and a "shooter" was not a matter of public concern.

30. The acts and conduct of Defendant caused Plaintiff to suffer injuries and actual damages including mental distress, sleeplessness, anxiety, and agitation referred to above in paragraph 26 as well as emotional suffering, humiliation, embarrassment, insult, and inconvenience.

31. The acts and conduct of Defendant caused Plaintiff to sustain damages in Kansas in excess of $75,000.00.

32. The acts and conduct of Defendant were willful, wanton, reckless, and malicious, and further, showed a complete and deliberate indifference to, and conscious disregard for, the rights of Plaintiff.  Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or deter Defendant and others from like conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of Plaintiff's claim, enter a judgment against Defendant and in Plaintiff's favor for Plaintiff's actual, compensatory, and punitive damages as are proven at trial and are fair and reasonable, and for his costs herein, and for any such further legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF ARTHUR A. BENSON II


By  s/ Arthur A. Benson II
Arthur A. Benson II #21107
4006 Central Avenue
Kansas City, Missouri  64111
(816) 531-6565
abenson@bensonlaw.com

and

LASSITER LAW AND JUSTICE, LLC


By s/ LaRonna Lassiter Saunders
LaRonna Lassiter Saunders  KS# 21371
7111 W. 151st Street, #142
Overland Park, Kansas  66223
(913) 386-7893
(913) 538-0985 (telefacsimile)
Attorney@lassiterlawandjustice.com

and

KATRINA Y. ROBERTSON, LLC


By  s/ Katrina Y. Robertson
Katrina Y. Robertson  #78226
The Cable Building
1321 Burlington Street
Suite 600
North Kansas City, Missouri  64116
(816) 885-4974
(816) 817-4964 (telefacsimile)
kyr@kyrobertsonlaw.com

**Attorneys for Plaintiff**

8