IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| DENTON EUGENE LOUDERMILL JR.,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.   ) <br> ) <br> TIMOTHY FLOYD BURCHETT,   ) <br> ) <br> Defendant.   ) | Case No. 2:24-cv-02109 |

**MEMORANDUM IN OPPOSITION TO
DEFENDANT BURCHETT'S MOTION TO DISMISS**

In opposition to Defendant Burchett's Motion to Dismiss, Plaintiff Denton Eugene Loudermill submits the following response.

**NATURE OF THE MATTER BEFORE THE COURT**

Plaintiff filed this Complaint alleging specific personal jurisdiction to assert in this Court by diversity that Defendant committed the Kansas tort of False Light Invasion of Privacy by falsely libeling Plaintiff as an illegal alien and a shooter at a event that resulted in one death and many injuries. Defendant has filed a motion to dismiss arguing that this Court lacks personal jurisdiction over Defendant. The burden is on Plaintiff to make a prima facie case of jurisdiction. By this Response, Plaintiff establishes that the Kansas Long Arm statute authorizes such jurisdiction because Defendant's conduct consisted of "committing a tortious act in" Kansas, and because exercising jurisdiction over Defendant does not offend "traditional notions of fair play and substantial justice" required by the Due Process Clause of the Fourteenth Amendment.

The cases relied on by Defendant arise from business disputes. In those matters, the courts require significant minimum contacts in the forum state, contacts connecting the non-forum party to the forum state by which that party consents to the jurisdiction of the state's courts. No such basis for jurisdiction is required for intentional tortious acts in the forum state, and a single "act" may be sufficient to confer specific personal jurisdiction.

Plaintiff contends that this Court should overrule the motion to dismiss. In the event that this Court sees the jurisdictional matter differently, Plaintiff asks this Court to exercise its discretionary authority under 28 U.S.C. § 1631 and transfer this Complaint to the United States District Court for the District of Columbia.

## STATEMENT OF FACTS

The jurisdictional facts are not complicated and they are largely agreed to.[1] As set out in the First Amended Complaint ("FAC"), Defendant while located in Washington, D.C. posted a tweet to the social media platform X, formerly Twitter. FAC ¶¶ 7, 20. That post featured a photograph of Plaintiff and no one else other than law enforcement officers. FAC ¶ 20. Plaintiff then was and now remains a resident of Kansas. FAC ¶ 3. That tweet falsely and recklessly labeled Plaintiff as an "illegal alien" and a "shooter." FAC ¶¶ 2, 22. The "shooter" label referred to an event in Missouri in which a death by shooting occurred. FAC ¶¶ 2, 24. Plaintiff was not and never has been an alien, and not an illegal alien. FAC ¶¶ 3, 22, 24. And he was not involved as a shooter at the event that gave rise to the post by

---

[1]Although D. Kan. Rule 7.6(a)(2) requires that "each statement of fact [be] supported by reference to the record", because this matter pends on a motion to dismiss, no record facts can be referenced and the motion must be decided based on the allegations pled in Plaintiff's First Amended Complaint (Doc. 4) albeit supplemented by Defendant Burchett's Affidavit (Doc. 6-1).

2

Defendant. FAC ¶¶ 3, 19, 24. And Plaintiff was not in any way responsible for creating, participating in, or contributing to the incident that resulted in a death and injuries at the event. *Id.* Labeling Plaintiff as an illegal alien and a shooter was highly offensive to Plaintiff and caused him injuries. FAC ¶¶ 26, 27, 30.

The tweet posted by Defendant was rapidly seen, "liked", and reposted" by many thousands of persons, many of whom were in Kansas. FAC ¶¶ 20, 21. To the extent that Defendant seriously denies that the tweet was widely seen in Kansas or caused Plaintiff injuries in Kansas as asserted in his Memorandum at 10, Plaintiff seeks leave to conduct limited discovery confined to the jurisdictional issue and seeking to establish by a subpoena served on X that the tweet was widely seen and engaged with in Kansas.

## ARGUMENT

**The Kansas Tort**

Kansas recognizes the tort of False Light Invasion of Privacy, having adopted the Restatement (Second) of Torts § 652, and refers to it as publicly placing another person in a false light. *Rinsley v. Frydman*, 559 P.2d 334 (Kan. 1977). The full definition is:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy, if
>
> (a) The false light in which the other was place would be highly offensive to a reasonable person, and
>
> (b) The actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652 (1977). *See also Rinsley v. Brandt*, 700 F.2d 1304, 1307 n.3 (10th Cir. 1983). Neither the Restatement nor the Kansas courts have since altered or redefined the elements of the tort. The false light tort is virtually identical in Washington,

3

D.C., the location of the act that Plaintiff alleges resulted in the tort and injury in Kansas. *See e.g.*, *Doe v. Bernabie & Wachtel, PLLC*, 116 A.3d 1262, 1267 (D.C. 2015); *Luhn v. Scott*, No. 19-cv-1180 (DLF); 2019 WL 5810309 (Nov. 7, 2019).

Federal courts generally follow applicable state law in determining personal jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). The Kansas Long Arm Statute provides for service of Kansas process on a party outside the state arising from "committing a tortious act in this state . . .." K.S.A. § 60-308(b)(B). Kansas may not assert personal jurisdiction over another person in a manner that violates the Due Process Clause of the Fourteenth Amendment. Since *International Shoe* the courts have required that the out-of-forum party have "certain minimum contacts" with the forum state to assure that the litigation respects "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945). As here, *International Shoe* noted that the "commission of some single" act may be enough to subject a defendant to "jurisdiction in that State's tribunals with respect to suits relating to that in-state activity." *Id*. at 318.

**Personal Jurisdiction in Kansas**

That single act may be a tort, an act offensive to the laws of the forum state such that the forum state may assert its jurisdiction to protect its citizens from unlawful and injurious conduct. *Calder v. Jones*, 465 U.S. 783 (1984) (the tort of libel arose in Florida and defamed Jones in California). Chief Justice Rehnquist for the unanimous Court wrote that the allegedly libelous story was written and published in Florida but impugned Jones in California where she suffered its injuries. "Jurisdiction over petitioners [the alleged libeling parties] is therefore proper in California based on the 'effects' of their Florida conduct in

4

California." *Id*. at 789. The Court explained that someone "injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause injury in California." *Id*. at 790.

The Tenth Circuit has permitted specific personal jurisdiction over out-of-state parties who commit intentional torts in the forum state. *Burt v. Board of Regents*, 757 F.2d 242 (10th Cir. 1985). In *Burt*, a doctor in Nebraska mailed an allegedly defamatory letter to Colorado. That reasoning was explained in *Far West Capital Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995), where the Court noted that in *Burt* "[w]e reasoned that 'no due process notions of fairness are violated by requiring one who intentionally libels another to answer for the truth of his statements in any state where the libel causes harm to the victim'". *Id*. at 1077 (citing *Burt*, 757 F.2d at 245). *See also Coblentz GMC/Freightliner Inc. v. General Motors Corp.*, 724 Supp. 1364 (M.D. Ala. 1989) (holding that it is "both fair and just to allow a victim of an intentional tort to call the tortfeasor to account in the victim's home forum").

Defendant relies on *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011), where, *inter alia*, the plaintiff alleged a claim of false light invasion of privacy and the Tenth Circuit affirmed a dismissal for lack of personal jurisdiction. The somewhat complicated facts involved a failed business relationship, spiteful emails, website creations, and internet postings. Those facts make it somewhat problematic for use in this analysis. But fortunately, the Court in *Shrader* acknowledged that the Tenth Circuit had just three years before addressed in detail the issue of specific personal jurisdiction in *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008). *Shrader*, 633 F.3d at 1239 ("This

5

court's most extensive discussion of specific jurisdiction, especially as to the 'purposeful direction" requirement, is set out in *Dudnikov* . . .") (citation omitted).

**The *Dudnikov* Case**

In an opinion by then-Judge Gorsuch, the Tenth Circuit in *Dudnikov* addressed the personal jurisdiction issues in a case involving an action for declaratory judgment in a copyright infringement claim. Where the Colorado Long Arm Statute applied, the court's "extensive discussion" focused on the constitutional limits to the statute's exercise on a non-forum defendant. The court noted that to pass constitutional muster, the defendant must satisfy two elements. First it must have "minimum contacts" consisting of the defendant having "purposefully directed" its activities at the forum state. *Dudnikov*, 514 F.3d at 1071 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 272 (1985). And second, jurisdiction over the defendant "must always be consonant with traditional notions of fair play and substantial justice." *Id*. (citing *International Shoe*, 326 U.S. at 315).²

As to the first element, Judge Gorsuch wrote that the Delaware defendants had "'purposefully directed' their activities at the forum state", *id.* at 1078, by having intentionally sent an email letter to eBay for the purpose of terminating the Colorado plaintiffs' auction in Colorado and thereby causing lost business and damaged reputation. *Id*. at 1073. The court further found that the infringement action "arose out of" the defendants' contacts in the forum state. *Id*. at 1079 (the email exchange "is a but-for cause of this

---

²This copyright infringement case does not involve a personal tortious act, and thus there was no reason for the court to note that its reliance on *International Shoe* implicitly endorsed that case's holding that a "single act" could suffice to confer personal jurisdiction. *See supra* at 4.

action").

Expressly "distilling" *Calder*, the Court found that there was:

> (a) an intentional action (writing, editing, publishing the article), that was (b) expressly aimed at the forum state (the article was about a California resident and her activities in California; likewise it was drawn from California sources and widely distributed in that state), with knowledge that the brunt of the injury would be felt in the forum state (defendants knew Ms. Jones was in California and her career revolved around the entertainment industry there).

*Id*. at 1072.

As to the second element, whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice", *International Shoe* at 316, the court noted that it is "incumbent" on defendants to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable". *Id*. at 1080 (quoting *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005). The burden is on the defendant to establish that fairness and justice in its dispute require that the forum state decline to exercise the personal jurisdiction it would otherwise exercise to protect the interests of its citizens. That is not an easy burden for a defendant to discharge.

The factors considered in whether fair play and justice require that the forum's jurisdiction be declined include:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies.

*Id*. (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998)). As to the corporate defendants, the court found that none of the first four of these factors "separately or in combination, seem to weigh definitively in favor of defendants". *Id*.

7

As to the fifth, the court noted as unimportant any British policy interests – one of the defendants was a British corporation – and found any federal interest in the application of federal copyright law to be unpersuasive. *Id*. at 1081-82.

The court concluded that the defendants had pointed the court to "no basis in traditional notions of fair play or substantial justice that would preclude suit" in Colorado, and it reversed the district court dismissal of Dudnikov's complaint. *Id*. at 1082.

This case fits closely, if not precisely, the Gorsuch analysis in *Dudnikov* and its application of *Calder*.

Defendant here engaged in an intentional act. He is presumed to have intended the actions he took. He published a tweet. That tweet was focused on, and expressly about, one person, this plaintiff, just as in *Calder* the defendant published an article focused on that plaintiff. Shirley Jones happened to be a California resident. Had she been an Illinois resident, focusing on her would have conferred forum jurisdiction on Illinois. Denton Loudermill happened to be a Kansas resident. Focusing on him conferred jurisdiction on Kansas. It was a single tortious act violating Kansas law. Publishing a false and highly offensive description of Plaintiff brought Defendant within the scope of the Kansas Long Arm statute.

Whether the exercise of that jurisdiction comported with the requirement of fair play and justice is gauged by the five factors test of *OMI Holdings* as applied in *Dudnikov*. *See supra* at 7. As to the first, the burden is on Defendant to prove that it would violate the requirement of fair play and justice to subject him to jurisdiction in Kansas. As in *Calder* it would be manifestly fair to hold that someone "injured in California [or Kansas] need not go

8

to Florida [or Washington, D.C.] to seek redress from persons who, though remaining in Florida [or Washington, D.C.] knowingly cause injury in California [or Kansas]". *Calder*, 465 U.S. at 709.

The second factor is the interest of the forum state in resolving the dispute. As did Colorado in *Dudnikov*, Kansas has an interest in resolving alleged violations of its laws in a forum in its state, not in a distant forum to which its citizens would necessarily have to travel, taking their witnesses and evidence with them.

The third factor concerns the interests of the plaintiff in convenient and effectual relief. It would hardly be convenient for the Plaintiff to have to travel far with his family witnesses, his psychologist, friends who are witnesses, and those identified to him as witnesses although previously unknown to him. And the inability to secure their distant attendance would jeopardize his interest in effectual relief or require that he compromise some degree of effectiveness by other means of preserving their testimony.

The fourth factor is about the interest of the interstate judicial system in obtaining the efficient resolution of disputes. That factor also favors Plaintiff's assertion of jurisdiction. The likely burden of delays and complications of scheduling and trying a case far distant from the location of the tort and its consequential injuries, and distant from witnesses, all tip the balance of factor four in favor of sustaining jurisdiction in Kansas.

The fifth factor does not particularly favor either forum. Both fora have similar interests in furthering fundamental social policies, although this may overlap with the second factor in that Kansas has an interest shared with other states in having disputes that arise under its laws resolved in courts within its jurisdiction.

None of five *OMI/Dudnikov* factors undermines Plaintiff's assertion that specific jurisdiction in Kansas is consistent with the need for fair play and justice in conferring personal jurisdiction over Defendant in Kansas to answer for a Kansas tort.

**Other Cases Cited by Defendant**

Other cases Defendant relies on do not help it discharge its burden of refuting Plaintiff's prima facie case for specific personal jurisdiction in Kansas. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895 (10th Cir. 2017), Defendant's Memorandum at 5, involves a products liability claim arising from an airplane crash. The court noted that "[i]n cases involving contractual contacts between the defendant and forum state residents" the analytical framework involves the "continuing relationships" test as to whether or not there was "purposeful direction". *Id*. at 905. It distinguished in that regard and cited *Calder* in which Chief Justice Rehnquist had written that a single tortious act with harmful effects in the forum state, citing *International Shoe*, satisfied the minimum contacts requirement. *Id*. Since *Old Republic* was a business matter involving contractual contacts, the issues of the existence of continuing contacts or forum exploitation were important in determining whether there was "purposeful direction" by the defendant aimed at the forum state, an issue not applicable to this single act intentional tort case.

The court in *Old Republic* then relied on *Dudnikov* and cited it for the five factors considered in determining jurisdiction. *See supra* at 7. Analyzing the course of the business relationship between the parties over time, the court concluded that the defendant's ties to the forum state were insufficient to establish jurisdiction. That business analysis is not helpful in this instance where the claim arises from a single tortious act. The analysis in *Dudnikov* and

10

the application of *Calder* remain controlling.

Similarly, Defendant's reliance on a Fourth Circuit case is unavailing.  In *ALS Scan, Inc. v. Digital Serv. Consultant, Inc.*, 293 F.3d 707 (4th Cir. 2002), Defendant's Memorandum at 6, the matter was another copyright infringement claim where the only connection to the forum state was the creation of a website where photographs were published and available for the general public using internet access, without any focus on the forum state.  As in other cases, the Fourth Circuit cited the single act tort case, *International Shoe*, and *Calder*, to distinguish the purposeful direction of a published libel focused on a woman in California from a general access website in determining that personal jurisdiction was lacking in the forum state holding:

> Indeed, the only *direct* contact that Digital had with Maryland was through the general publication of its website on the Internet.  But that website is unrelated to ALS Scan's claim in this case because Digital's website was not involved in the publication of any infringing photographs.

*Id*., 293 F.3d at 715.

Even less helpful to Defendant is his reliance on an Eighth Circuit case, *Johnson v. Arden*, 614 F.3d 785 (8th Cir. 2010), Defendant's Memorandum at 7.  In *Johnson* the jurisdictional issue involved Defendant Melanie Lowry, a resident of California who had never done business with the Plaintiffs, did not know them, and had never conducted business in Missouri.  The only complaint alleged to support jurisdiction in Missouri was a single posting on a website concerning the plaintiffs' cat breeding business, a posting that did not mention Missouri and had no focus on Missouri.  Id. at 797-98.  And as to Defendant Heineman, the Eighth Circuit noted that merely posting on the internet, even using the word "Missouri" in the posting "does not create the type of substantial connection between

11

Heineman and Missouri necessary to confer specific jurisdiction". *Id*. at 797.  Notably, that Court cited *Calder* with approval and distinguished its purposeful direction of a libelous statement to a person in California.  *Id*. at 796.

**Summary**

Plaintiff has met his burden of establishing a prima facie case of specific personal jurisdiction over Defendant in Kansas.  Defendant published a false and highly offensive contention about Plaintiff that violated Kansas law protecting its citizens from being injured by a false light invasion of privacy.  Kansas by its Long Arm Statute permits service of process over out-of-state parties who commit torts in Kansas.  The Fourteenth Amendment's Due Process limitation on the ability of Kansas to protect its citizens from injury and give them redress when injured is inapplicable in this instance.  Long arm jurisdiction over Defendant does not offend the interests of fair play and justice because Defendant purposefully, recklessly, and falsely labeled Plaintiff – and no one else – as an illegal alien and shooter at an event in which someone was shot to death.  That label was focused exclusively on Plaintiff, a resident of Kansas, just as the libel in *Calder* was a single tortious act focused on a resident of California.

And as in *Dudnikov*, the leading Tenth Circuit case applying *Calder*, forum jurisdiction is appropriate where the minimum contact requirement of *International Shoe* is satisfied.  All the factors used determine whether or not fair play and justice satisfy the Due Process Clause of the Fourteenth Amendment favor the Kansas forum.

**Venue**

Plaintiff acknowledges that venue in this matter is controlled by personal jurisdiction.

12

If there is no personal jurisdiction as to this matter, there is no venue.  If there is personal jurisdiction, venue is proper in that the controlling events and the Kansas tort occurred within the venue and the requirements of 28 U.S.C. § 1391 are satisfied.

Plaintiff does not request oral argument on Defendant's motion.  But should the Court desire argument, counsel is prepared to appear on short notice.

### CONCLUSION

The foundational cases of *International Shoe* and *Calder v. Jones*, as applied by the Tenth Circuit in *Dudnikov*, are the bases for conferring personal jurisdiction on this Court as to Plaintiff's Kansas tort claim against the Defendant.  None of the cases relied on by Defendant separate this case from the application of those controlling precedents.  This Court should overrule the Defendant's motion to dismiss.  If, however, the motion is granted, Plaintiff requests that this Court transfer this case to the District Court for the District of Columbia.

    Respectfully submitted,

    LAW OFFICE OF ARTHUR A. BENSON II

    By  s/ Arthur A. Benson II
    Arthur A. Benson II D.Kan. # 70134
    4006 Central Avenue
    Kansas City, Missouri  64111
    (816) 531-6565
    abenson@bensonlaw.com

    and

    LASSITER LAW AND JUSTICE, LLC

By s/ LaRonna Lassiter Saunders
LaRonna Lassiter Saunders  Ks# 21371
7111 W. 151st Street, #142
Overland Park, Kansas  66223
(913) 386-7893
(913) 538-0985 (telefacsimile)
Attorney@lassiterlawandjustice.com

and

KATRINA Y. ROBERTSON, LLC


By  s/ Katrina Y. Robertson
Katrina Y. Robertson  #78226
The Cable Building
1321 Burlington Street
Suite 600
North Kansas City, Missouri  64116
(816) 885-4974
(816) 817-4964 (telefacsimile)
kyr@kyrobertsonlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed with the United States District Court for the District of Kansas via the Court's CM/ECF filing system with notice of case activity generated and sent electronically to counsel for Defendant listed below this  29th  day of May, 2024.

James Scott Kreamer  #14374
Jacqueline M. Longfellow  #19878
Baker, Sterchi, Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, Missouri  64108
(816) 471-2121
(816) 472-0288 (telefacsimile)
kreamer@bakersterchi.com

jlongfellow@bakersterchi.com

Attorneys for Defendant

                                             s/ Arthur A. Benson II
                                             Attorney for Plaintiff