**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | |
|---|---|
| DENTON E. LOUDERMILL, JR., *Plaintiff*, v. TIMOTHY F. BURCHETT, *Defendant*. | Case No. 2:24-cv-02109-JWB-BGS |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendant Burchett, pursuant to F.R.C.P. 12(b)(2), submits his Reply Memorandum of Law.

### *This Court Lacks Specific Jurisdiction over Mr. Burchett*[1]

Mr. Burchett's affidavit irrefutably establishes that when he reposted a picture of Plaintiff on social media he neither knew Plaintiff was a Kansas resident nor intended to cause injury in Kansas – rather he was targeting a national audience to encourage policies to address border security and urban violence. His lack of knowledge of any connection to Kansas is not surprising given none of the media stories preceding the repost attributed Plaintiff to Kansas either.

In response, Plaintiff completely ignores these facts and advocates that a single post on social media will subject a person to jurisdiction anywhere the Plaintiff happens to reside. In effect Plaintiff advocates for the elimination of the personal jurisdiction defense. Fortunately, the 10th Circuit continues to believe in the personal jurisdiction defense and requires postings be "directed specifically at a forum state audience or otherwise make the forum state the focal point of the message" - neither of which occurred here. *Shrader v. Biddinger*, 633 F.3d 1235, 1244 (10th Cir. 2011).

Plaintiff's argument that *Shrader* and other cases relied upon by Defendant are distinguishable because they involve business disputes fails.[2]

---

[1] Plaintiff's Opposition fails to address Defendant's argument this Court lacks general jurisdiction over him and, as such, Plaintiff has abandoned any such argument.

[2] Plaintiff goes on to state without support that no jurisdictional analysis "is required for intentional tortious acts in the forum state, and a single "act" may be sufficient to confer specific personal jurisdiction." P. 2 of Plaintiff's brief. Jurisdictional considerations do not vary based on the type of action filed and have been applied consistently by Courts. *See Calder v. Jones*, 465 U.S. 783 (1984); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc,*. 514 F.3d 1063 (10th Cir. 2008).

Plaintiff discusses at length the decisions of *Calder* and *Dudnikov*, concedes *Calder* governs this Court's analysis, and sets forth the *Calder* "harmful effects" test in his brief. That test requires this Court to decide whether Mr. Burchett committed: (a) an intentional action; (b) expressly aimed at the forum state; with (c) knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov*, *id.* at 1072.

The quick review of the facts in *Dudnikov* and *Calder* show that the "harmful effects" test was applied. The material jurisdictional facts in *Calder* can be summarized as follows:

**Intentional action:** The defendant wrote, edited, and published the alleged defamatory article;

**Expressly aimed at the forum state:** The article was about a California resident, Shirley Jones, and her actions in California (article alleged she drank so heavily which prevented her from fulfilling her professional activities); important to the court's analysis, the defendants made phone calls to sources in California for the information contained in the article and, further, the article was widely distributed in that state; and

**Knowledge brunt of injury would be felt in the forum state:** Defendants ***knew*** that Ms. Jones resided in California and the court found their intentional conduct was calculated to cause injury to her in California, since they knew her television career revolved around the entertainment industry located there.

*Calder*, 465 U.S. 783 (1984). Similarly, the relevant *Dudnikov* facts were:

**Intentional action:** The defendants sent a letter to eBay invoking the "Verified Rights Owner" ("VeRO") program procedures with the intent of terminating plaintiffs' Colorado auction, causing Plaintiffs' lost business and a damaged business reputation;

**Expressly aimed at the forum state:** Although the defendants sent the letter to eBay in California, their acts were intended to halt a Colorado-based sale by a Colorado resident; and

**Knowledge brunt of injury would be felt in the forum state:** Defendants knew Plaintiffs' business and auction were in Colorado and the effects of the NOCI would be felt there.

*Dudnikov*, 514 F.3d 1063.

Unlike the *Calder* and *Dudnikov* plaintiffs, Plaintiff simply cannot satisfy either of the last two requirements. Mr. Burchett ***did not expressly aim*** his posts at Kansas. And, the third element requires Plaintiff to establish that Mr. Burchett ***knew*** when he made the posts that the brunt of the alleged injury would be felt in Kansas. However, when Mr. Burchett made the posts, he did

not know the identity of Plaintiff and did not know where Plaintiff resided. Neither the photograph of the detained Plaintiff in Missouri nor Mr. Burchett's comments included Plaintiff's name, address, or otherwise had any connection, reference, or tie to Kansas. Plaintiff has not and cannot dispute these facts, which requires this Court to grant Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

In *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011), the 10th Circuit applied the holdings of *Calder* and *Dudnikov* to internet posts. The key facts in *Shrader* can be summarized as follows. Mr. Shrader lived in Oklahoma, where he produced books and courses for market traders. *Id.* at 1238. Mr. Stewart wrote an allegedly defamatory email about why he was no longer doing business with Mr. Shrader. *Id.* Mr. Stewart sent this email to a list of customers, including Mr. Biddinger. *Id.* Mr. Biddinger then posted the email to a traders' forum on the internet. *Id.* Mr. Shrader filed claims for false light invasion of privacy (among others) against Mr. Biddinger and the other defendants, who moved to dismiss for lack of jurisdiction.

In *Shrader*, the only connection to Oklahoma was that Mr. Shrader lived and produced his materials there. *Id.* Here, the only connection to Kansas is that Plaintiff alleges he lived and suffered injury there. Yet, the *Shrader* court held the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction. *Id.* at 1244. *Shrader* mandates the postings be directed specifically at the forum state audience or otherwise make the forum state the focal point of the message. *Id.* Oklahoma was not the focal point of the *Shrader* internet post, either in terms of its audience or its content. Regarding its audience, the *Shrader* email was posted to a trading community forum with no particular tie to Oklahoma. Here, there is nothing about Mr. Burchett's posts on the X platform that targeted a Kansas audience. Regarding its content, the *Shrader* post was about Shrader's work he sold worldwide. The content of Mr. Burchett's posts had nothing to do with Kansas. There is simply no basis to exercise personal jurisdiction over Defendant.

Only if Plaintiff establishes Mr. Burchett "purposefully directed" his activities at the state of Kansas, does this Court assess whether its exercise of jurisdiction over Defendant is reasonable

and consistent with the traditional notions of fair play and substantial justice. *Dudnikov, id.* at 1080. Plaintiff argues these considerations alone are sufficient to confer jurisdiction. They are not. Instead, they provide another basis for the Court to decline its exercise of jurisdiction. The relevant factors cited by Plaintiff establish a further reason for this Court to grant Defendant's Motion.

First, the burden on the defendant of litigating the case in a "foreign forum is of primary concern in determining the reasonableness of personal jurisdiction". *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1096 (10th Cir. 1998). Plaintiff was photographed while in Missouri and the repost occurred in Washington, D.C. and Tennessee. Mr. Burchett has no connection with and has never even been to Kansas. Requiring Mr. Burchett to defend the case here would be unduly burdensome.

Second, although Kansas may have an interest "in providing a forum in which [its] residents can seek redress for injuries," *id.* at 1096, this interest is limited because Mr. Burchett's conduct at issue occurred while he was in D.C. and Tennessee and related to a mass shooting in Missouri. Also, since the controlling law provides that a plaintiff's residence in the forum state, and the suffering of harm there, does not alone establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state, those same factors alone cannot then create jurisdiction based on considerations of traditional notions of fair play and substantial justice.

Third, Plaintiff "may receive convenient and effective relief in another forum." *Id.* at 1097. Federal courts in D.C. and Tennessee provide an effective forum available to Plaintiff. There is no suggestion requiring him to litigate in D.C. and Tennessee imposes a burden "so overwhelming as to practically foreclose pursuit of the lawsuit." *Id.* While working in D.C. and Tennessee, Mr. Burchett made the posts at issue, addressing issues of concern to his platform.

The Court also must consider whether the exercise of jurisdiction by Kansas affects the substantive social policy interests of other states. *Id.* at 1097. Plaintiff's expansion of this Court's personal jurisdiction would allow officials to be hailed into any district court across the country

solely because they posted online about a public event.[3] This is against the social policy of the federal courts in this jurisdiction as declared in *Shrader*. Each of these factors reveal the exercise of jurisdiction over Defendant offends traditional notions of fair play and substantial justice.

Finally, Plaintiff relies on *Burt v. Board of Regents*, 757 F.2d 242 (10th Cir. 1985). It is not clear *Burt* remains good law.[4] Also, the holding in *Burt* is contrary to the *Dudnikov* and *Shrader* decisions. It is also distinguishable. The *Burt* plaintiff completed a residency under Dr. Connolly and then applied for staff privileges at several Colorado hospitals. *Id.* at 243. Dr. Connolly expressly aimed his actions at Colorado when he wrote and sent an unfavorable letter to the Colorado hospitals. He knew that the brunt of the injury (denial of staff privileges and damaged reputation) would be felt in Colorado. As set forth above, these factors are simply not present here.

Defendant requests this Court grant Defendant's motion, dismissing Plaintiff's suit with prejudice to the refiling in Kansas. Exercising its discretion under 28 U.S.C. § 1406, this Court should deny Plaintiff's request to transfer. Plaintiff is free to refile suit in the district he chooses. His pleadings and briefing do not establish personal jurisdiction in any other court. A determination of jurisdiction and venue is best left to the court where Plaintiff chooses to refile.

Respectfully submitted,

**BAKER, STERCHI, COWDEN & RICE, LLC**

*/s/James. S. Kreamer*
James Scott Kreamer    #14374
Jacqueline M. Longfellow #19878
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Phone: (816) 471-2121; Facsimile: (816) 472-0288
Emails: kreamer@bakersterchi.com
Email: jlongfellow@bakersterchi.com
*ATTORNEYS FOR DEFENDANT*

---

[3] The *Shrader* court cautioned, if it were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist. It labeled this an untenable result.

[4] In *Wise v. Lindamood*, 89 F. Supp. 2d 1187, 1192-93, (D. Colo. 1999), the court noted: "The Supreme Court initially granted certiorari on the *Burt* decision, but later, without oral argument, 'vacated' the 'judgment' and remanded to the Tenth Circuit 'with directions that it instruct the United States District Court for the District of Colorado to dismiss the complaint as moot.' [Citations omitted]. At least one court has interpreted the Supreme Court's action as vacating the grant of certiorari, (citations omitted), while others have treated it as vacating the Tenth Circuit's judgment. [Citations omitted]. Only one Tenth Circuit opinion has cited *Burt*, *see Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995), but that opinion includes no mention of its subsequent history. *See id.*"

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system on this 12th day of June 2024, which will send access to a service copy to all counsel of record.

       /s/ James. S. Kreamer
       *ATTORNEYS FOR DEFENDANT*